# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| REBECCA LEDBETTER,<br><br>      Plaintiff,<br><br>v.<br><br>INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS,<br><br>and<br><br>DISTRICT 70 IAM MACHINIST UNION,<br><br>      Defendants. | Case No. 18-2546-DDC-GEB |

## MEMORANDUM AND ORDER

Plaintiff Rebecca Ledbetter filed this employment discrimination action against International Association of Machinists and Aerospace Workers ("IAMAW") and District 70 IAM Machinist Union ("District 70"). In her First Amended Complaint, plaintiff asserts sex discrimination and retaliation claims under Title VII, 42 U.S.C. §§ 2000e–2000e-17, against both defendants. Defendants have filed a Motion to Dismiss (Doc. 14). Plaintiff responded (Doc. 16) and defendants replied (Doc. 18). For the reasons explained below, the court grants in part and denies in part defendants' motion.

### I. Factual Background

The following facts come from plaintiff's First Amended Complaint (Doc. 11) and are viewed in the light most favorable to her. *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (stating "[w]e accept as true all well-pleaded factual allegations in the complaint and view them

in the light most favorable to the [plaintiff]" (quoting *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013)).

Since 2008, plaintiff worked for defendants as an elected business representative in Wichita, Kansas. She was appointed as Assistant Directing Business Representative in 2012. Plaintiff alleges supervisor Mark Blondin sexually harassed her in February 2014. After reporting the incident, Mr. Blondin tried to terminate her employment. Tom Bugginbarger, District 70 president, prevented this outcome. Also, Mr. Blondin also made disparaging comments about plaintiff.

In November 2015, IAMAW took over operation of District 70, and hired Tony Blevins to oversee operations. About two months later, in January 2016, Mr. Bugginbarger retired. Mr. Blevins suspended plaintiff's employment in February 2016. Plaintiff alleges she was suspended because she had reported sexual harassment. In April 2016, defendants filed formal charges against plaintiff, alleging she had violated the union's constitution and bylaws. In August 2016, Mr. Blevins permanently removed plaintiff from her union position at District 70. Plaintiff continued to pay her monthly union dues to defendants.

After her removal, District 70 did not offer plaintiff a new position. Plaintiff alleges District 70 always has re-employed male union members locally. On December 27, 2016, plaintiff filed discrimination charges against District 70 with both the Equal Employment Opportunity Commission ("EEOC") and Kansas Human Rights Commission ("KHRC") (the "December Charge"). Plaintiff amended her December Charge on January 12, 2017. In her amended December Charge, plaintiff alleged District 70 had discriminated against her because of her age and her sex. Doc. 11-2 at 1. Plaintiff's amended December Charge also alleged that she was terminated by District 70 and not re-employed with another aerospace company "as

similarly situated terminated males have been." *Id.* Plaintiff did not name IAMAW in her amended December Charge.

District 70 removed plaintiff from union membership on January 20, 2017. Plaintiff alleges that District 70 allowed unemployed male members to keep their membership. Plaintiff filed her second discrimination charge against District 70 with both the EEOC and KHRC on February 15, 2017 (the "February Charge"). In the February Charge, plaintiff asserts that she filed a discrimination charge with the EEOC, District 70 removed her from union membership, and "male non-employees [were] allowed to keep their membership." Doc. 11-3 at 1. Plaintiff checked the "sex" and "retaliation" boxes on her February Charge. *Id.* Plaintiff did not name IAMAW in her February Charge. The EEOC issued a right to sue letter to plaintiff on July 18, 2018 for the February Charge.

Plaintiff's First Amended Complaint asserts two claims against defendants: (1) sex discrimination violating Title VII, and (2) retaliation violating Title VII. In their motion, defendants assert that plaintiff has failed to exhaust her administrative remedies against defendant IAMAW, some of her claims are time barred, and none of her claims states a plausible cause of action. Defendants thus ask the court to dismiss plaintiff's First Amended Complaint under Rule 12(b)(6). For reasons discussed below, the court grants defendants' motion in part and denies it in all other respects.

## II. Legal Standard

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the

Supreme Court explained, "'will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)). Although the court must assume that the complaint's factual allegations are true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 1263 (quoting *Iqbal*, 556 U.S. at 678). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court may consider "not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (first citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); then citing *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1180 (10th Cir. 2007); then citing *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 964–65 (10th Cir. 1994)). A court "'may consider documents referred to in the complaint if the documents are

central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Id.* (quoting *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)).

### III. Analysis

Defendants ask the court to dismiss plaintiff's claims for three reasons. First, defendants argue plaintiff failed to exhaust her administrative remedies against defendant IAMAW. Second, defendants assert, some of plaintiff's claims are time barred. Finally, defendants argue, plaintiff's First Amended Complaint fails to state plausible claims for sex discrimination and retaliation under Title VII. The court addresses each argument, below.

#### A. Plaintiff has exhausted her administrative remedies against defendant IAMAW.

Defendants first make a failure-to-exhaust argument.[1] Defendants contend that plaintiff failed to exhaust her claims against IAMAW because she did not name IAMAW in the charges filed with the EEOC and KHRC.

Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional bar to suit. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). The exhaustion rule has two principal purposes: (1) "to give notice of the alleged violation to the charged party;" and (2) "to give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance." *Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018) (citations and internal quotation marks omitted). So, to promote the purposes of the exhaustion rule, "plaintiff's claim in court 'is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of

---

[1] Defendants originally presented this argument as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Doc. 15 at 10–14. But the Tenth Circuit recently held that failure to exhaust administrative remedies is no longer a jurisdictional prerequisite to suit. Instead it is an affirmative defense. *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). In their Reply, defendants recharacterize their argument as a motion to dismiss for failure to state a claim under Rule 12(b)(6). Doc. 18 at 5.

discrimination submitted to the EEOC.'" *Id.* (quoting *MacKenzie v. City & Cty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005)). Although courts "'liberally construe' the plaintiff's allegations in the EEOC charge, 'the *charge* must contain facts concerning the discriminatory and retaliatory actions underlying each claim[.]'" *Id.* (quoting *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007)) "The ultimate question is whether the conduct alleged [in the lawsuit] would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made [in the EEOC charge]." *Id.* at 1164–65 (citations and internal quotation marks omitted).

Plaintiff argues she had no need to name IAMAW in her charges because a "sufficient identity of interest" exists between District 70 and IAMAW. Doc. 16 at 5. "[O]mission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent action under Title VII." *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980). Four factors affect the governing analysis: (1) whether the unnamed party's role could be ascertained through "reasonable effort" when the EEOC complaint was filed; (2) whether the interests of the named and unnamed parties are "so similar . . . it would be unnecessary to include the unnamed party in the EEOC proceedings"; (3) whether the unnamed party's "absence from the EEOC proceedings resulted in actual prejudice" to the unnamed party's interests; and (4) whether the unnamed party represented to the plaintiff that her relationship with the unnamed party was to be through the named party. *Id.* at 1311–12.

Plaintiff acknowledges that she could ascertain IAMAW's role when she filed her EEOC charge. But, plaintiff argues, the three other factors favor her. She asserts that the interests of District 70 and IAMAW are "virtually identical" because District 70 "exists for the benefit of IAMAW." Doc. 11 at 3, 4 (First Am. Compl. ¶¶ 12, 16). And, plaintiff alleges, IAMAW could

6

control District 70. *Id.* at 3 (First Am. Compl. ¶ 13). Further, plaintiff asserts her failure to name IAMAW did not result in actual prejudice because "no mediation or conciliation process occurred" during the EEOC proceedings. *Id.* at 4 (First Am. Compl. ¶ 18). Finally, plaintiff contends she understood that "her relationship with [d]efendant IAMAW was to go through [d]efendant District 70." *Id.* (First Am. Compl. ¶ 19).

Defendants argue that the *Romero* factors weigh against plaintiff because IAMAW was deprived of "notice and opportunity to resolve Plaintiff's complaint before being required to defend a civil action." Doc. 15 at 11. To support their argument, defendants cite *EEOC v. United Association Local 798*, No. 84-C-730-C, 1985 WL 56694 (N.D. Okla. Dec. 23, 1985) and *Stache v. International Union of Bricklayers & Allied Craftsmen*, 852 F.2d 1231 (9th Cir. 1988). Neither case persuades the court that plaintiff has failed to exhaust her administrative remedies against IAMAW.

In *United Association Local 798*, the plaintiff sued both a local and international union for alleged violations of Title VII. *United Association Local 798*, 1985 WL 56694, at *1. The plaintiff's first complaint alleged claims solely against the local union. *Id.* The plaintiff later moved to add the international union as a defendant. *Id.* The court concluded that the *Romero* factors weighed against allowing the plaintiff to join the international union because the local union and international union's interests were not "so similar as to make it unnecessary to include the [international union] in the EEOC proceedings" and the international union was "prevented from engaging in conciliation efforts." *Id.* at *2. Defendants argue that the same reasoning applies here. But, defendants neglect the *Romero* factors and never analyze how they apply to the facts plaintiff alleges in her First Amended Complaint—facts the court must accept as true on defendants' motion to dismiss.

7

In *Stache*, the plaintiff brought Title VII claims against a local union and an international union. *Stache*, 852 F.2d at 1232. But, the plaintiff had not named the international union in the EEOC charge. *Id.* The court held that the plaintiff's claims against the international union were "not so closely related that a second administrative investigation would be redundant . . . ." *Id.* at 1234. The plaintiff claimed the international union "failed to aid her when it learned of [the local union's] actions." *Id.* Unlike plaintiff's First Amended Complaint here, the *Stache* plaintiff did not allege that the international union itself had discriminated against her. *Id.* Here, plaintiff alleges IAMAW is jointly responsible for District 70's discrimination because IAMAW directly controlled District 70. Doc. 11 at 4, 5 (First Am. Compl. ¶¶ 14, 31). Also, unlike *Stache*, plaintiff brings identical charges against IAMAW. And, plaintiff alleges IAMAW "took over operations of" District 70 and District 70 "exists for the benefit of" IAMAW. Doc. 1 at 3, 4 (First Am. Compl. ¶¶ 12, 31).

Because the court must accept the facts in the First Amended Complaint as true, the court finds that plaintiff's First Amended Complaint alleges a sufficient identity of interest between District 70 and IAMAW. And the court thus concludes that plaintiff's First Amended Complaint sufficiently alleges that plaintiff exhausted her administrative remedies against IAMAW. This conclusion precludes defendants from prevailing on their exhaustion defense as a matter of law. The court thus denies defendants' motion to dismiss plaintiff's claims against IAMAW on this basis.

**B. Plaintiff's sex discrimination and retaliation claims based on her employment termination are time barred.**

Defendants next assert that the court should dismiss plaintiff's sex discrimination and retaliation claims based on of her employment's termination because she did not file them in a timely fashion. Plaintiff brought two separate discrimination charges against District 70 with the

EEOC: the amended December Charge and the February Charge. The amended December Charge alleged District 70 had discriminated and retaliated against plaintiff when it terminated her employment. Doc. 11-2. The February Charge alleged that District 70 had discriminated and retaliated against plaintiff when it removed her from union membership. Doc. 11-3.

Defendants assert plaintiff received a right to sue notice from the EEOC for the amended December Charge on May 9, 2018. Doc. 15 at 10. They contend that plaintiff's February Charge is not related to her amended December Charge. And, thus, the claims from her amended December Charge are time barred because she did not file this lawsuit until October 11, 2018—more than 90 days after she received her right to sue letter for the amended December Charge.

In response, plaintiff concedes that she only sued under the February Charge. She received her right to sue letter for the February Charge on July 18, 2018. And then she timely filed this lawsuit within 90 days. Because she incorporated the amended December Charge by reference in the February Charge, plaintiff argues, none of her claims are time barred. Plaintiff asserts this sequence of events is similar to amending an existing charge. Doc. 16 at 11. While plaintiff does not dispute that she simply could have amended the existing charge again to add the additional claim, she argues that she was not required to do so. *Id.*

Section § 2000e-5(f)(1) of Title 42 of the United States Code provides that "within ninety days after the giving of [the EEOC's right to sue letter] a civil action may be brought against the respondent named in the charge." If a plaintiff does not bring a lawsuit within 90 days after receiving the right to sue letter, plaintiff's claims are time-barred. *See Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1161 (10th Cir. 2018) (explaining that plaintiff's "'window' to sue closed" 90 days after the EEOC issued its right to sue letter); *see also Tadlock v. Marshall Cty.*

*HMA, LLC*, 603 F. App'x 693, 700 (10th Cir. 2015) ("If the claimant fails to file suit within 90 days, the claims alleged in the EEOC charge are foreclosed . . . ."). A plaintiff cannot revive an old charge by filing a new charge with the EEOC after it has issued a right to sue letter. *Brown v. Unified Sch. Dist. 501 Topeka Pub. Schs.*, 465 F.3d 1184 (10th Cir. 2006) ("If the claimant fails to file suit within the 90 day window, the lapsed claims are not revived by including them in a second EEOC charge . . . .").

To support their motion, defendants cite *Carter v. Spirit Aerosystems, Inc.*, No. 16-1350-EFM-GEB, 2017 WL 4865690 (D. Kan. Oct. 27, 2017). In *Carter*, the court held the plaintiff's lawsuit was untimely because he already had received a right to sue letter on the same facts. *Id.* at *7. But, this case is not analogous because the plaintiff in *Carter* had filed a second charge after receiving a right to sue letter. *Id.* at *2. The plaintiff did not argue that he had incorporated a prior charge by reference—the argument plaintiff makes here. *Id.*

At this stage, the court "must take all the factual allegations in the complaint as true." *Carter*, 667 F. Supp. 2d at 1262. But, the facts alleged must "state a claim for relief that is plausible on its face." Fed. R. Civ. P. 8(a)(2). Here, plaintiff referenced the amended December Charge on the face of her February Charge. Doc. 11-3 at 1. Her First Amended Complaint alleges that she intended that reference to incorporate, by that reference, her allegations from the amended December Charge. Doc. 11 at 3 (First Am. Compl. ¶ 9). But the plain language of plaintiff's February Charge cannot support this inference. Her charge merely states:

> I am female and I have previously filed a discrimination complaint against the Respondent. The Docket No. is 39064-17 (Amended).
>
> I previously worked for the Respondent from June 1, 2008 to August 6, 2016.
>
> On January 20, 2017, I was informed that I was no longer a member of the union even though I continued to pay membership dues after the end of my employment. However, male non-employees are allowed to keep their membership.

> I hereby charge District 70 IAM Machinist Union and its representatives with a violation of the Kansas Against Discrimination in that I was denied membership due to my sex, female and as an act or retaliation for having previously filed a discrimination complaint against the Respondent.

Doc. 11-3 at 1–2.

No words in plaintiff's February Charge can support a plausible finding or inference that it incorporated the allegations from the earlier charge by reference. Plaintiff's First Amended Complaint fails to allege any facts to support a plausible inference that she incorporated her amended December Charge by reference in her February Charge. Thus, plaintiff's discrimination and retaliation claims stemming from District 70's termination of plaintiff's employment and failure to re-employ are time barred. The court thus grants defendants' motion to dismiss these claims.

### C. Plaintiff's First Amended Complaint alleges facts capable of supporting a finding or inference that defendants discriminated and retaliated against her by removing her from the union in violation of Title VII.

Defendants assert that plaintiff's First Amended Complaint fails to state a claim for relief in the fashion Rule 8 requires because it does not state a prima facie claim for discrimination or retaliation based on plaintiff's removal from the union. Doc. 15 at 15. For reasons explained below, the court concludes plaintiff's First Amended Complaint states a plausible claim for relief based on her expulsion from the union.

Title VII prohibits an employer from discriminating against anyone because of that person's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000-e-2(a)(1). To state a Title VII discrimination claim sufficiently, plaintiff must allege that "(1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class." *Khalik v.*

*United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Plaintiff need not *establish* these elements to survive a Rule 12(b)(6) motion. *Id.* at 1193. Instead, she only must allege facts that, if proved true, plausibly allow a factfinder to conclude that defendants violated Title VII. *Id.*

When a plaintiff alleges no direct evidence of retaliation, plaintiff must allege a plausible claim of retaliation by showing that: "(1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between his protected activity and the adverse employment action." *Id.* (citing *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011)). "The Supreme Court has recently clarified the causation standard for Title VII retaliation claims, explaining: '[A] plaintiff making a retaliation claim under § 2000e-3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer.'" *Id.* (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013)).

The court is mindful that the *McDonnel Douglas* burden-shifting framework is an evidentiary standard, not a pleading requirement, and that plaintiff need not adhere to the requirements for a prima facie case to survive a motion to dismiss. *Swierkiewics v. Sorema, N.A.*, 534 U.S. 509, 510–11 (2002). However, "while Plaintiff is not required to set forth a prima facie case for each element, she is required to set forth plausible claims." *Khalik*, 671 F.3d at 1193; *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The Tenth Circuit has explained that "[w]hile '[s]pecific facts are not necessary,' some facts are." *Khalik*, 671 F.3d at 1193 (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

Plaintiff states a claim for retaliation against defendants. First, the First Amended Complaint alleges that plaintiff engaged in protected activity (she filed charges with the EEOC). Doc. 11 ¶ 41. Plaintiff also alleges she suffered an adverse employment action (she was

removed from union membership). *Id.* ¶ 42. And, she pleads, there was a causal connection between her termination and the EEOC charges she filed (plaintiff's removal came shortly after she filed charges with the EEOC against District 70). *Id.*; s*ee Davis v. Unified Sch. Dist. 500*, 750 F.3d 1168, 1170 (10th Cir. 2014).

Defendants assert that plaintiff's First Amended Complaint fails to state a claim for retaliation because the First Amended Complaint does not allege that plaintiff was qualified for her job. Doc. 15 at 17. Defendants argue plaintiff was discharged due to her mismanagement of funds "and other gross misconduct." Doc. 15 at 17. Plaintiff argues that the court may "infer that the purported finding was not a fair adjudication of her conduct but (as she alleged in the First Amended Complaint) a form of retaliation." Doc. 16 at 14. At the motion to dismiss stage, plaintiff is not required to plead a prima facie case of retaliation. *See Khalik*, 671 F.3d at 1193. And, defendants' argument goes beyond the scope of the facts alleged in the First Amended Complaint—something not permitted by the governing standard. The First Amended Complaint pleads plausible claims of retaliation against District 70 based on her removal from the union.

Next, defendants argue that the First Amended Complaint fails to state a plausible Title VII discrimination claim based on plaintiff's expulsion from the union because the First Amended Complaint alleges no facts establishing that she was treated differently from similarly situated union employees. Doc. 15 at 17. But this argument disregards the First Amended Complaint's allegations that male employees maintained their union memberships after employment termination. Doc. 11 at 7 (First Am. Compl. ¶ 44). And, plaintiff checked the "sex" discrimination box on her February Charge with the EEOC. Doc. 11-3 at 1. While defendants assert plaintiff was treated like other "union members who were expelled for gross misconduct," this argument goes beyond the scope of the allegations in the First Amended

13

Complaint. Taking the facts alleged in plaintiff's First Amended Complaint as true—something that defendants must do on a motion to dismiss—the First Amended Complaint pleads sufficient facts to support a finding or inference that defendants revoked plaintiff's union membership after she was terminated because of her sex. Plaintiff's First Amended Complaint thus states a Title VII discrimination claim based on her expulsion from the union. The court denies defendants' motion to dismiss plaintiff's retaliation and discrimination claims stemming from plaintiff's removal from the union.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Dismiss Amended Complaint (Doc 14) is granted in part and denied in part. The motion is granted to the extent the First Amended Complaint asserts a discrimination or retaliation claim based on plaintiff's 2016 termination. Those claims are time-barred. Otherwise, the court denies the motion.

**IT IS SO ORDERED.**

**Dated this 25th day of September, 2019, at Kansas City, Kansas.**

        **s/ Daniel D. Crabtree**
        **Daniel D. Crabtree**
        **United States District Judge**