# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| REBECCA LEDBETTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNATIONAL ASSOCIATION OF )<br>MACHINISTS AND AEROSPACE )<br>WORKERS and )<br>DISTRICT 70 IAM MACHINIST UNION, )<br>)<br>Defendants. )<br>) | Case No. 18-2546-DDC-GEB |

## ORDER MEMORIALIZING RULING FROM JULY 29, 2020 CONFERENCE

On July 29, 2020, the Court conducted a telephone conference with the parties to discuss Plaintiff's request to extend the discovery deadline. Plaintiff appeared through counsel, Sarah Liesen. Defendants appeared though counsel, James Roddy Tanner and Thomas E. Hammond. After hearing arguments from counsel, the Court orally **GRANTED** Plaintiff's request to extend the discovery deadline. This order memorializes the Court's rulings from the conference.

## I. Background

Plaintiff filed her Complaint against Defendants on October 11, 2018.[1] In lieu of answering the Complaint, Defendants filed a Motion to Dismiss on December 5, 2018.[2]

---

[1] ECF No. 1.
[2] ECF No. 8.

On December 26, 2018, Plaintiff, as a matter of right under Fed. R. Civ. P. 15(a), filed a First Amended Complaint.[3]  On January 7, 2019, the Court dismissed Defendant's Motion to Dismiss as moot given the filing the First Amended Complaint.[4]  On January 9, 2019, Defendants filed a renewed Motion to Dismiss the First Amended Complaint.[5]  The parties then agreed to stay scheduling until the resolution of the Motion to Dismiss the First Amended Complaint.[6]

On September 25, 2019, the Court granted in part and denied in part Defendant's Motion to Dismiss the First Amended Complaint.[7]  The Court dismissed all claims except for Plaintiff's Title VII sex discrimination and retaliation claims based upon the 2017 termination of her membership in the Defendant Union.  Defendants then requested and received an extension of time to file their Answer until October 22, 2019 due to counsel's health issues.[8]  This request was not opposed by Plaintiff.[9]  After the Answer was filed on October 22, 2019, the Court set a scheduling conference for December 17, 2019.[10]  However, Defendants requested and received an extension of the scheduling conference to January 30, 2020, again due to health issues of defense counsel.  Plaintiff did not oppose this request.

On January 30, 2020, the Court conducted a scheduling conference and entered a

---

[3] ECF No. 11.
[4] ECF No. 13.
[5] ECF No. 14.
[6] ECF No. 17.
[7] ECF No. 19.
[8] ECF Nos. 20 and 21.
[9] ECF No. 20.
[10] ECF No. 24.

scheduling order setting the discovery cutoff for July 31, 2020.[11] The docket reflects the parties have propounded written discovery and participated in a mediation. On July 23, 2020, Defendants filed a Motion for Summary Judgment.[12] On July 27, 2020, Plaintiff requested a telephone conference with the Court to extend this deadline by thirty days so Plaintiff could take five depositions and resolve a few remaining disputes as to written discovery. Defendants oppose extension of the discovery deadline.

## II.   Legal Standard

Rule 16(b) provides "[a] schedule may be modified only for good cause and with the judge's consent."[13] The party seeking to extend a scheduling order deadline must establish good cause by proving the deadline could not have been met with due diligence.[14] The party is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline.[15] In other words, a party "must provide an adequate explanation for any delay."[16]

"While a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril, rigid adherence to the . . . scheduling order is not advisable."[17] Ultimately, whether to modify the scheduling order lies within

---

[11] ECF No. 29.
[12] ECF No. 41.
[13] Fed. R. Civ. P. 16(b)(4).
[14] *Nevarez v. Cty. of Finney Cty., Kansas*, No. 04-2309-KHV, 2005 WL 8160610, at *1 (D. Kan. Mar. 22, 2005).
[15] *Id.*
[16] *Prudential Ins. Co. of Am. v. Hawker Beechcraft Glob. Customer Support, LLC*, No. 16-2380-DDC, 2016 WL 7229260, at *2 (D. Kan. Dec. 14, 2016) (quoting *Strope v. Collins*, 315 Fed. Appx. 57, 61 (10th Cir. 2009)).
[17] *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (internal citations omitted).

the Court's sound discretion.[18]  Despite this "broad discretion in managing the pretrial schedule," the Tenth Circuit has concluded that "total inflexibility is undesirable."[19]  Also, a scheduling order which produces an exclusion of material evidence is "a drastic sanction."[20]

**III.   Discussion**

Plaintiff argues an extension of the discovery deadline is necessary for several reasons.  First, Plaintiff's counsel states she has been delayed in gathering discovery because the COVID-19 pandemic has created an absence of staff in her office and produced a back-up of cases which are now proceeding forward simultaneously.  Second, Plaintiff's counsel states her law partner has been out on leave due to a serious medical condition, leaving two attorneys in the office to do the work of three attorneys.  And finally, Plaintiff's counsel states taking the depositions at issue are paramount because written discovery has not produced information regarding a material issue in this case - that issue being why Plaintiff was terminated from the Defendant Union.  Plaintiff states despite written discovery requests and repeated conversations with Defendants, she has not been able to determine the answer to this important question.

Defendants oppose extending the discovery deadline, arguing Plaintiff has not shown good cause for requesting depositions at this late stage of discovery.  Defendants state they were only notified of Plaintiff's intent to take these depositions last week after

---

[18] *Prudential Ins. Co. of Am.*, 2016 WL 7229260 at *2.
[19] *Little v. Budd Co.*, No. 16-4170-DDC-KGG, 2018 WL 836292, at *2 (D. Kan. Feb. 13, 2018) (quoting *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).
[20] *Id.*

filing their Motion for Summary Judgment. Defendants insist Plaintiff has not been diligent in seeking this discovery, and has no adequate explanation for the delay in waiting until the week before discovery closes to request the depositions. Defendants state Plaintiff cannot timely notice these depositions before the discovery deadline expires, and therefore the depositions should be precluded, and discovery should close on July 31, 2020 as previously established by the Court's Scheduling Order.

Defendants' argument that court orders have meaning, and thus the order for discovery to be completed by July 31, 2020 should remain in place, is well taken. As stated above, the Court agrees a "scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."[21] However, the Court also agrees rigid adherence to a scheduling order and totally inflexibility are not always desirable, especially when cutting off discovery would result in the exclusion of material evidence.

Here, Plaintiff states the depositions are aimed at getting the answer to the material issue in this lawsuit regarding why she was terminated from the Defendant Union. During the July 29, 2020 telephone conference, Plaintiff argued termination from her job for misconduct does not explain her termination from the Union, and that there is no paperwork explaining such termination. Plaintiff states if she does not discover the answer to this material issue, she will be prejudiced. Conversely, Defendants stated during the conference

---

[21] *Deghand*, 904 F. Supp. at 1221.

allowing these depositions to proceed would not adversely affect its current Motion for Summary Judgment.

In addition to finding the discovery sought material to the case, the Court also believes Plaintiff has shown good cause for the delay in noticing the depositions. The Court is cognizant that the stay-at-home orders put in place across the Country produced a considerable delay in litigating cases. Plus, there is the added factor here of Plaintiff's counsel's law partner being absent for months due to a serious health condition, leaving fewer lawyers to handle the catch-up on litigating cases as the Country tries to resume normal operations during the COVID-19 pandemic. Also, it is not lost on the Court that Defendants' counsel was granted an extension of the answer deadline and scheduling conference date due to health issues.

Additionally, while Plaintiff's counsel could have noticed the depositions earlier in the discovery period, the Court is aware of no rule or caselaw requiring a party to take a deposition earlier rather than later in the discovery period.[22] It is notable here the discovery period is not yet ended, and Plaintiff is only seeking a minor extension of time to take a limited number of depositions. Plus, at this point in time, the Court does not plan to extend the dispositive motion deadline or trial date, thus producing little delay on the overall schedule of this case.

Accordingly, the Court extends the discovery deadline to **September 25, 2020** to allow Plaintiff to take the referenced depositions and resolve the written discovery disputes.

---

[22] *Hunsaker v. Proctor & Gamble Mfg. Co.*, No. 09-2666-KHV, 2010 WL 5463244, at *2 (D. Kan. Dec. 29, 2010).

The pretrial conference date is extended to **October 9, 2020 at 11:00 am**. The proposed pretrial order will be due **October 2, 2020**. Because Defendants have already filed a Motion for Summary Judgment, the Court does not currently plan to set a new dispositive motion deadline or extend the trial date. If, however, the additional discovery results in a need for a new dispositive motion deadline, the parties should promptly inform the Court so any scheduling issues can be addressed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 29th day of July 2020.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge