IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **REBECCA LEDBETTER,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS,**<br><br>**and**<br><br>**DISTRICT 70 IAM MACHINIST UNION,**<br><br>　　　　**Defendants.** | Case No. 18-2546-DDC-GEB |

## MEMORANDUM AND ORDER

Defendants International Association of Machinists and Aerospace Workers ("IAM") and District Lodge 70 have filed a Motion to Review (Doc. 46) Magistrate Judge Birzer's Order Memorializing Ruling from July 29, 2020 Conference (Doc. 45). Defendants' extensive brief argues that Judge Birzer clearly erred and acted contrary to law by: (a) modifying the Scheduling Order based solely on an informal telephone conference; (b) finding good cause to modify the then existing Scheduling Order; (c) finding that the discovery at issue was "material to the case;" and (d) granting an extension that imposed prejudice and injustice on defendants. Doc. 47 at 12–23.

As defendants correctly note, a party appealing a magistrate judge's non-dispositive Order to a district judge must demonstrate that the former's decision either is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous prong obligates the appellant

to leave the district judge "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). The contrary to law standard focuses on legal determinations the magistrate judge made in her decision. *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007). Here, defendants have satisfied neither prong of Rule 72's standard.

In reverse order, defendants have not shown that Judge Birzer applied the wrong legal standard. Indeed, she applied the standard explicitly adopted by the governing rule of civil procedure: "Rule 16(b) provides '[a] schedule may be modified only for good cause and with the judge's consent.'" *See* Doc. 45 at 3 (accurately quoting Fed. R. Civ. P. 16(b)) (internal quotation marks omitted). Also, she correctly selected and applied our district's caselaw explaining what this standard means when it's invoked for an extension of a deadline. *Id.* at 3 nn.15–16 (first citing *Nevarez v. Cty of Finney Cty., Kan.*, No. 04-2309-KHV, 2005 WL 8160610, at *1 (D. Kan. Mar. 22, 2005); then citing *Prudential Ins. Co. of Am. v. Hawker Beechcraft Glob. Customer Support, LLC*, No. 16-2380-DDC, 2016 WL 7229260, at *2 (D. Kan. Dec. 14, 2016)). In ordinary language, a deadline extension requires the movant to provide "an adequate explanation for any delay." Doc. 45 at 3. Judge Birzer's Order did not apply legal principles that are contrary to law.

This leaves Rule 72's other option—the "contrary to law" prong. To carry the day on this argument, defendants must leave the reviewing judge "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp.*, 847 F.2d at 1464. Defendants haven't come close to convincing the court that this conclusion is warranted here. Managing discovery and deadlines and competing arguments about them is a demanding job in ordinary times. But 2020 is no ordinary time. Judge Birzer found that plaintiff's counsel had provided "adequate

2

explanation for the delay" by her arguments that the COVID-19 pandemic has created an absence of staffing and stalled the planned progression of cases such that they were now proceeding all at once. Doc. 45 at 5–6. Plaintiff's counsel also reported that her law partner has been out of the office on leave because of a serious medical condition, reducing her firm's capacity from three to two. *Id.* at 6. In this oddest of seasons, Judge Birzer was well within her judicial discretion to find that plaintiff's showing warranted an extension of the discovery deadline.

Finally, the court concludes with one final observation. Defendants' papers complain that Judge Birzer orally decided the controlling question after an "informal and off-the-record telephone conference" without requiring plaintiff to file a written motion, giving defendants time to submit a brief in response, and "without taking any evidence." Doc. 47 (defendants' Memorandum) at 6. Federal courts around the country do their work in a variety of ways. Some are more formalized than others. And indeed, in the District of Kansas, our Magistrate Judges make individualized decisions about the procedures needed to resolve a particular dispute on a case-by-case basis. This approach is well within a Magistrate Judge's discretion. But it is more than that. It is consistent with the command in Rule 1 of the Federal Rules of Civil Procedure that federal courts must apply those rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Another judge in another district might have chosen to invoke the procedures defendants wish Judge Birzer had used here. In fact, in a different case, Judge Birzer might have chosen to use those procedures. But the court is unimpressed with defendants' argument that they didn't get as much process as they were due. Nothing in our rules or precedents supports their proposition.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion for Review of Magistrate Judge's Order Memorializing Ruling from July 29, 2020 Conference (Doc. 46) is denied.

**IT IS FURTHER ORDERED** that defendants' other pending motions concerning discovery, Docs. 52 and Doc. 57, are referred to the Magistrate Judge assigned for decision.

**IT IS SO ORDERED.**

**Dated this 24th day of September, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
