# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| REBECCA LEDBETTER,               ) | |
|                       ) | |
|         Plaintiff,       ) | |
|                       ) | |
| v.                     ) | Case No. 18-2546-DDC-GEB |

**REBECCA LEDBETTER,**

        **Plaintiff,**

**v.**                          **Case No. 18-2546-DDC-GEB**

**INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS and
DISTRICT 70 IAM MACHINIST UNION,**

        **Defendants.**

## MEMORANDUM AND ORDER
## MEMORIALIZING RULING FROM OCTOBER 9, 2020 CONFERENCE

On October 9, 2020, the Court conducted a telephone conference with the parties to discuss pending motions. Plaintiff appeared through counsel, Sarah Liesen and Alexander Edelman. Defendants appeared though counsel, James Roddy Tanner and Thomas Hammond. After hearing arguments from counsel, the Court orally **GRANTED** Plaintiff's Motion for Extension of Time to Obtain Discovery to Respond to Defendants' Motion for Summary Judgment (**ECF No. 52**); and **DENIED** Defendants' Motion for Protective Order to Stay Discovery and Quash Deposition Notices (**ECF No. 57**). This order memorializes the Court's rulings from the conference.

## I.    Background

The early background of this case has been set forth in earlier orders (Mem. and Order, ECF No. 19; Order, ECF No. 45) and for the sake of brevity will not be repeated.

Generally, plaintiff Rebecca Ledbetter filed this employment discrimination suit against defendants International Association of Machinists and Aerospace Workers ("IAM") and District 70 IAM Machinist Union in October 2018. In her First Amended Complaint, Plaintiff brings sex discrimination and retaliation claims under Title VII, 42 U.S.C. §§ 2000e–2000e-17, against both defendants. (ECF No. 11) After Defendants filed a motion to dismiss, the Court dismissed all claims except Plaintiff's Title VII sex discrimination and retaliation claims based upon the 2017 termination of her membership in the union. (Mem. and Order, ECF No. 19.)

On January 30, 2020, the Court conducted a scheduling conference and entered a scheduling order setting the discovery cutoff for July 31, 2020. (ECF No. 29.)  On July 23, 2020, Defendants filed a Motion for Summary Judgment.  (ECF No. 41.)  Four days later, Plaintiff requested a telephone conference with the Court to extend the discovery deadline by thirty days so Plaintiff could take five depositions and resolve a few remaining disputes as to written discovery; however, Defendants opposed this extension. The undersigned Magistrate Judge held a conference, and after finding good cause, extended the discovery deadline to September 25, 2020 and continued the pretrial conference to October 9, 2020. (Order, ECF No. 45.)  Defendants sought review of this order by the District Judge. (Motion, ECF No. 46.)

In addition to the motion for review, two other motions were filed in a relatively short time span during the pendency of the review.  First, Plaintiff filed a motion for extension of time to obtain discovery to respond to Defendants' summary judgment motion. (Motion, ECF No. 52.)  Defendants then filed a motion for protective order and to

stay any discovery pending the District Judge's ruling on their motion to review the Magistrate Judge's Order. (ECF No. 57.)  Initially, all pending motions were assigned to District Judge Daniel D. Crabtree; however, Judge Crabtree upheld the Magistrate Judge's order and referred the remaining pending motions to the Magistrate Judge. (Order, ECF No. 66.)

The pretrial conference set for October 9 was converted to a motions hearing (ECF No. 67), and the Court addressed the pending motions during that conference.  (Order, ECF No. 69.)   As described above, the undersigned orally granted Plaintiff's Motion for extension of time to obtain discovery to respond to Defendants' Motion for Summary Judgment (ECF No. 52) and denied Defendants' Motion for Protective Order and to Stay Discovery (ECF No. 57) for the reasons stated herein.

## II.   Plaintiff's Motion for Extension of Time to Obtain Discovery to Respond to Defendants' Motion for Summary Judgment (ECF No. 52)

In Plaintiff's motion and memorandum, she outlines the specific contentions in Defendant's summary judgment motion which she believes she can controvert, if permitted to depose those individuals she has listed.  (ECF Nos. 52, 53.)   Defendants contend Plaintiff's motion should be denied because they believe the only reason she seeks relief is because she has been dilatory in conducting discovery.  Defendants also argue her motion and affidavit do not provide enough detail about the probable facts she believes are unavailable without discovery. (Defs.' Resp., ECF No. 60.)

A. **Legal Standard**

Federal Rule of Civil Procedure 56(d) provides the opponent to a summary judgment motion the ability to show the court "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Under this rule, the court may then "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

Both the U.S. Supreme Court and the Tenth Circuit Court of Appeals opine "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."[1] The Tenth Circuit has repeatedly suggested requests for further discovery under Rule 56(d) "should ordinarily be treated liberally."[2] Despite this liberal treatment, though, "relief under Rule 56(d) is not automatic."[3]

To support a request for relief under Rule 56(d), the movant is require to submit an affidavit which includes: "(1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment."[4]

---

[1] *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).

[2] *Id.* (citing *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

[3] *Id.* (citing *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1264 (10th Cir. 2006)).

[4] *Id.* (citing *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010); and *Burke*, 462 F.3d at 1264.)

### B.      Discussion

At the outset, the Court notes both parties contributed to the unnecessary convolution of this case.  Defendants filed their summary judgment motion prior to the close of discovery, and then blocked Plaintiff's attempts at discovery to oppose it.  While it is certainly within Defendants' legal authority to do so, had Defendants permitted the schedule to play out and allowed discovery to conclude before filing the dispositive motion (as typical and as contemplated by the scheduling order), Plaintiff's instant motion may not have been necessary.  On the other hand, the Court also understands Defendants are frustrated by Plaintiff's late attempts to conduct discovery—but this situation has already been discussed *ad nauseam*.

Defendants' Response to the instant motion was filed before Judge Crabtree's order upholding the undersigned's ruling, and Defendants' briefing continues to argue Plaintiff delayed too long in seeking discovery.  In fact, 22 pages of Defendants' 31-page opposition brief contains argument regarding how Plaintiff delayed.  At this stage, however, the issue of Plaintiff's delay has been considered extensively—in the July 29, 2020 conference, the Order Memorializing the conference (ECF No. 45), and in the motion to review and Judge Crabtree's order denying the motion for review (ECF No. 66).  The Court has held, at each juncture, the information sought by Plaintiff through depositions was material to this case and Plaintiff showed good cause for her delay.[5]   Therefore, the prior decisions on these

---

[5] On July 27, 2020, Plaintiff's counsel, Sarah Liesen, requested a phone conference with the Court to discuss a requested extension to discovery. Ms. Liesen reported she was "behind due to staff being absent and a bottleneck effect of cases because of COVID as well as the absence of her partner for the last four months due to a serious medical issue." (Email from Sarah Liesen to the

issues stand:  Plaintiff showed good cause for delay, the discovery she requests is material, and the parties should move forward with the permitted discovery at once.

Furthermore, the Court finds Plaintiff has met the liberal Tenth Circuit standard to permit discovery under Rule 56(d):  she identified the facts she believes are unavailable to her (ECF No. 53 at 4 ¶ 1) and why she cannot currently present such facts (*Id*. at 4 ¶ 2); she outlines the steps she has taken to obtain those facts (*Id*. at 5 ¶ 3); and she explains how additional time will enable her to obtain the facts and use them to oppose the summary judgment motion (*Id*. at 6 ¶ 4).  For these reasons, the Court **GRANTS** Plaintiff's motion for extension of time to obtain discovery. (**ECF No. 57**.)

Although Defendants ask to deny Plaintiff's motion, as an alternative request, it asks if Plaintiff is permitted to conduct any discovery, such permitted discovery "should be narrowly limited to only matters relating to Plaintiff's 2017 loss of her union membership" (her only remaining claim). (ECF No. 60 at 31.)  This alternative request, to the extent it seeks to limit and/or expedite discovery, is related to Defendants' motion for protective order (*see* discussion *infra* Section III) and is addressed below.

## III.    Defendants' Motion for Protective Order to Stay Discovery and to Quash Deposition Notices (ECF No. 57)

As a threshold issue, the Court notes Defendants' motion seeks, in part, a protective order staying all discovery in this case pending the District Judge's ruling on their Motion

---

undersigned Magistrate Judge's chambers, dated July 27, 2020.  Maintained in Chambers file.) Based on these representations and those during the July 29th conference, the Court extended the discovery deadline. (*See* Order, ECF No. 45.)

for Review, ECF No. 46. Because the motion for review has been decided, that portion of Defendants' motion is effectively moot.

The three portions of the instant motion ripe for decision are: 1) whether the deposition notice to non-party witness Tom Buffenbarger should be quashed; 2) whether the deposition notice to IAM's International President Robert Martinez Jr. should be quashed; and 3) whether the scope of any depositions taken in this case should be limited to matters pertaining to the 2017 termination of Plaintiff's membership in the union. Each topic will be addressed in turn.

### A. Legal Standards

Defendants' request implicates two primary rules of federal procedure: Fed. R. Civ. P. 26 regarding the scope of discovery and limits on discovery, and Rule 45 involving the deposition subpoena to a non-party witness.

Rule 26(b)(1) outlines the scope of discovery. This rule permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

Relevance at the discovery stage is broad,[6] and does not mean the information obtained would necessarily be admitted at trial.  If the party seeking discovery meets its initial, minimal burden to demonstrate its request is relevant on its face,[7] the resisting party cannot rely upon a conclusory statement that the requested discovery is irrelevant.[8]  It "must either demonstrate the discovery sought does not come within the broad scope of relevance defined in Rule 26(b)(1), or that it is of such marginal relevance that the potential harm caused by the discovery would outweigh the presumption in favor of broad disclosure."[9]  "Courts should lean towards resolving doubt over relevance in favor of discovery,"[10] and the court has broad discretion over discovery matters and to decide when a protective order is appropriate.[11]

Under Rule 26(b)(2)(C), the court must limit discovery if: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery

---

[6] *See Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011 at *3 (D. Kan. June 3, 2008).

[7] *Speed Trac*, 2008 WL 2309011, at *2 (citing *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.,* No. 05–2164-MLB-DWB, 2007 WL 2122437, at *4 (D. Kan. July 20, 2007).

[8] *XPO Logistics Freight v. YRC, Inc.*, No. 16-MC-224-CM-TJJ, 2016 WL 6996275, at *4 (D. Kan. Nov. 30, 2016) (citing *Speed Trac*, 2008 WL 2309011, at *3).

[9] *Id.*

[10] *Folger v. Medicalodges, Inc.*, No. 13-1203-MLB-KMH, 2013 WL 6244155, at *2 (D. Kan. Dec. 3, 2013) (citing *Jackson v. Coach, Inc.*, No. 07–2128–JTM–DWB, 2008 WL 782635, at *4 (D. Kan. Mar. 20, 2008); *Teichgraeber v. Mem'l Union Corp. of Emporia State Univ.*, 932 F. Supp. 1263, 1266 (D. Kan. 1996)).

[11] *See S.E.C. v. Merrill Scott & Assoc., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) ("The district court has broad discretion over the control of discovery ...") (internal citations omitted); *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010) ("Federal Rule of Civil Procedure 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.") (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984)).

has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 26(c) allows the court, for good cause, to issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. The Court then has broad discretion to utilize such a protective order to specifically define and/or narrow the disclosure or discovery, including the terms, timing, and method of discovery.[12]

Fed. R. Civ. P. 45 provides guidelines for the issuance of subpoenas to non-parties. Rule 45(d)(3)(A) requires the court to quash or modify a subpoena that requires disclosure of privileged or protected information or subjects a person to undue burden. Although Rule 45 does not specifically include relevance or overbreadth as bases to quash a subpoena, "this court has long recognized that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34."[13] "A subpoena that seeks irrelevant, overly broad, or duplicative discovery causes undue burden, and the trial court may quash it on those bases."[14]

### B.   Discussion

Defendants emphasize this is the third lawsuit filed by Plaintiff regarding her termination from employment. All of Plaintiff's employment termination claims are now dismissed, and her only remaining claim is her loss of eligibility for union membership.

---

[12] Fed. R. Civ. P. 26(c)(1)(A)-(H).

[13] *Martinelli v. Petland, Inc*., No. 10-mc-407-RDR, 2010 WL 3947526, at *3 (D. Kan. Oct. 7, 2010) (internal citations omitted); *Martin v. Grp. 1 Realty, Inc*., No. 12-2214-EFM-DJW, 2013 WL 3322318, at *2 (D. Kan. July 1, 2013).

[14] *Gilbert v. Rare Moon Media, LLC,* No. 15-mc-217-CM, 2016 WL 141635, at *4 (D. Kan. Jan. 12, 2016) (citing *Heartland Surgical Specialty Hosp.,* 2007 WL 2122437, at *5).

Therefore, Defendants argue the depositions Plaintiff seeks to take should be limited to the topic of the termination of her union membership.  Defendants believe, after review of the topics contained in Plaintiff's Rule 30(b) deposition notice, that Plaintiff will try to discuss other topics outside her union membership, which Defendants contend is irrelevant. (Defs.' Briefing, ECF Nos. 57, 58, 65.)

Plaintiff maintains although her termination claims were dismissed, the information surrounding her termination is relevant as background information to support her union membership claim. Plaintiff cites *National R.R. Passenger Corp. v. Morgan*[15] to argue the termination information is relevant as background information.  And, she argues, even if some of the information she seeks is not ultimately admissible at trial, the information is discoverable at this stage of proceedings.  (Pl.'s Resp., ECF No. 63.)

Three primary disputes were discussed in briefing and during the October 9th hearing, and each is addressed in turn.

### 1.    Deposition of Non-Party Witness Tom Buffenbarger

Defendants ask that the deposition notice to non-party witness Tom Buffenbarger be quashed because he has no personal knowledge relevant to Plaintiff's 2017 termination of union membership. Defendants argue former IAM International President Tom Buffenbarger retired from his position with IAM effective January 1, 2016, before any of the events pertaining to Plaintiff's sole remaining claim.  Rather, Defendants contend

---

[15] 536 U.S. 101, 113 (2002) (finding even when a prior discriminatory act is not actionable—here because it was time-barred—an employee is not barred from "using the prior acts as background evidence in support of" an actionable claim).

Plaintiff wants to depose Buffenbarger only to dredge up prejudicial evidence pertaining to her claims for alleged sex discrimination and retaliation in connection with her employment with District 70, claims now dismissed. Defendants believe Buffenbarger is a hostile witness with whom Plaintiff has contact, and she gave no reason why she cannot obtain his testimony without taking a deposition.  (Defs.' Mem., ECF No. 58 at 15.)

Plaintiff maintains there is no basis in the record to support Defendants' conclusory assertion that, because Buffenbarger had left his position at the time Plaintiff's union membership was terminated, he has no knowledge of relevant information.  And, even if Plaintiff's employment termination claims were dismissed, those claims can constitute background evidence to support her discrimination claim regarding her membership termination. (Pl.'s Resp., ECF No. 63 at 6-7.)

After review of the parties' briefing and consideration of their oral arguments, the Court denies this portion of Defendants' motion and allows the deposition of Tom Buffenbarger.  As noted above, discovery is broad.  At this discovery stage, the Court agrees with Plaintiff that Buffenbarger's knowledge of the inner workings of Defendants' organizations are sufficiently relevant to Plaintiff's case to justify his deposition. Additionally, it is reasonable for Plaintiff to inquire regarding his knowledge related to the treatment of similarly-situated employees regarding the termination of Plaintiff's union membership as well as his knowledge of the termination of her employment as background to her union termination.  Again, this discoverability does not equate to admissibility, necessarily, but at this phase, the Court finds in favor of broad discovery.  And, as the party

seeking to quash the deposition, Defendants bear the burden to demonstrate an undue burden which would result from his depositions, and they have not done so.

Plaintiff is permitted to take the deposition of Buffenbarger; however, the total number of depositions permitted in this order will be required to be completed in a condensed time frame, as noted below. (*See infra*, section III.C.)  This shortened time span will naturally serve to provide protection against excessive discovery.[16]

### 2.    Deposition of IAM's International President Robert Martinez, Jr.

Defendants seek to quash the deposition notice to IAM's International President Robert Martinez, Jr. because they claim he had no personal involvement in any decision to terminate Plaintiff's union membership in 2017, and he has no unique knowledge of union membership rules which would justify his deposition. Defendants admit Martinez reviewed and upheld the guilty verdict of the special trial committee who charged Plaintiff with misconduct, but argue the charges against Plaintiff were related to her employment with the union, not to her loss of eligibility for membership.  Defendants also contend under the "apex doctrine" that because Martinez is a high-level executive, his deposition could be unnecessarily burdensome. (Defs.' Mem., ECF No. 58 at 16-17.)  "Under the 'apex doctrine,' courts may 'provide some protection from depositions to high-level executives and government officials.'"[17] This doctrine "recognizes that depositions of high-level

---

[16] *Lawson v. Spirit AeroSystems*, Inc., No. 18-1100-EFM-ADM, 2020 WL 1889016, at *2 (D. Kan. Apr. 16, 2020) (all internal cites omitted—add them in)

[17] *Lawson v. Spirit AeroSystems, Inc.*, No. 18-1100-EFM-ADM, 2020 WL 1889016, at *4 (D. Kan. Apr. 16, 2020) (quoting *Tierra Blanca Ranch High Country Youth Program v. Gonzales*, 329 F.R.D. 694, 696 (D.N.M. 2019), *objections overruled*, No. 215CV00850KRSGBW, 2019 WL 1487241 (D.N.M. Apr. 4, 2019)) (internal quotations omitted).

officers severely burden those officers and the entities they represent, and that adversaries might use this severe burden to their unfair advantage."[18] Defendants argued during the October 9th hearing that Martinez is extremely busy, particularly with the COVID-19 pandemic, and it may be difficult to schedule his deposition.[19]

Plaintiff disagrees with Defendants' position, arguing Martinez was directly and substantially involved in the case, as Defendants themselves recognized when they mentioned him roughly a dozen times in their Statement of Material Facts offered in support of summary judgment.  Plaintiff also maintains the Tenth Circuit Court of Appeals has not specifically addressed the apex doctrine, and different courts address the doctrine in different ways. (Pl.s' Mem. in Opp., ECF No. 63 at 8-9.)  In any event, Plaintiff maintains because Martinez was so personally involved in the decisions affecting Plaintiff, his deposition should be permitted.  In the October 9th hearing, Plaintiff offered to conduct any of the noticed depositions remotely, for both safety reasons and convenience and ease for the deponents.[20]

On review of the information before this Court, this portion of Defendants' motion is denied and the deposition of Robert Martinez, Jr. is permitted without restriction.  The Court is unconvinced by Defendants' "apex" argument.  Defendants do not support this argument by outlining why Martinez would be unusually burdened by this deposition or

[18] *Lawson*, 2020 WL 1889016, at *4 (quoting *Tierra Blanca Ranch High Country Youth Program*, 329 F.R.D. at 696) (other citations omitted).
[19] Recording of hearing (October 9, 2020, AT&T Teleconference Audio-Only Recording).  The hearing was recorded, but not transcribed.  If any party wishes to purchase a written transcription, it may contact the chambers of the undersigned for more information.
[20] Recording of hearing (October 9, 2020, AT&T Teleconference Audio-Only Recording).

how the information Martinez appears to personally possess would be better gained from another source—in fact, Defendants do not address this argument at all in their Reply brief (*see* ECF No. 65).  Although Defendants outline *some* burden, the Court does not find the burden to be so undue as to prevent the deposition, particularly given the overall time limitations imposed below and Plaintiff's plan to conduct depositions remotely, which will lessen or eliminate any travel requirement and ensure additional safety.

### 3. Limiting the Scope of All Depositions Sought by Plaintiff

Defendants also ask the Court to order that the scope of any depositions taken in this case will be limited to matters pertaining to the 2017 termination of Plaintiff's membership in the union.  In addition to this general prohibition on discussion of Plaintiff's employment, Defendants wish to limit topics 7(a)-(h); 8(c), 9 and 11 of the Rule 30(b)(6) deposition notice served by Plaintiff.  Defendants contend these topics are not relevant to the sole remaining issue of alleged discrimination and retaliation regarding Plaintiff's union membership. (Defs.' Mem., ECF No. 58 at 18-20.)  Defendants argue the deposition topics go well beyond "background evidence," and the burden and expense of compiling and researching relevant information to prepare a Rule 30(b)(6) witness to testify about the topics is substantial, while the benefit resulting from such a broad inquiry into what they believe are irrelevant deposition topics is minimal. (Defs.' Reply, ECF No. 65 at 12.)

Although Defendants continue to maintain any discussion of Plaintiff's termination of employment is irrelevant because those claims were dismissed, as noted above, the Court finds such information minimally relevant at this discovery stage.  Finding such, the issue turns to whether Defendants' preparation of the 30(b)(6) witnesses for these topics would

be unduly burdensome. Although Defendants argue their burden would be "substantial"—they do not demonstrate with evidence how these specific topics would be burdensome and/or lack proportionality.

### C.      Conclusion on Defendants' Request to Limit Discovery

In sum, the Court finds the discovery sought by Plaintiff in the disputed deposition notices to be minimally relevant, and finds Defendants fail to meet their burden to demonstrate undue burden.   The Court does not find the discovery to be annoying, embarrassing or oppressive under Fed. R. Civ. P. 26(c) and finds no protective order is justified.   However, although the Court will permit the depositions to occur, it does note the necessity of completing the depositions as soon as possible. Therefore, the depositions will occur on an expedited basis so the discovery period and the consideration of Defendants' pending summary judgment motion will not be unnecessarily delayed.

Additionally, during the October 9th hearing, Plaintiff was instructed she will be permitted only a day and a half to complete all four noticed depositions, as she previously offered.[21] This roughly equates to three hours per deposition, although Plaintiff will be permitted to divide the depositions as she chooses.  Given these time limitations, Plaintiff is encouraged to prioritize and narrow her topics accordingly.

The parties are also reminded multiple authorities note "relevance is not an appropriate deposition objection," "but, if Plaintiff strays too far afield from the subject

---

[21] In an email between counsel, Plaintiff's counsel suggests she could complete all depositions remotely and complete them in a day and a half. (*See* ECF No. 58 at 7, 58-3 at 3.)

matter of this dispute such that it appears the deposition is being used for an improper purpose, [Defendants] may move to terminate the deposition."[22]

## IV.   Conclusion

For the reasons discussed in the October 9th hearing and as set forth above, Plaintiff's Motion for Extension of Time to obtain discovery to respond to Defendants' Motion for Summary Judgment (**ECF No. 52**) is granted. Defendants' Motion for Protective Order and to Stay Discovery (**ECF No. 57**) is denied.

All discovery permitted, including the depositions discussed by the parties, must be completed by **December 18, 2020**.  During the October 9th conference, Defendants asked to be permitted to potentially depose Plaintiff, given the breadth of possible depositions occurring.  In the event Defendants to feel they require a deposition of Plaintiff, they are permitted to do so within the same time frame.

The parties' proposed pretrial order must be emailed to the chambers of the undersigned at ksd_Birzer_chambers@ksd.uscourts.gov by **January 20, 2021**, and a pretrial conference is set for **January 27, 2021 at 11:00 a.m**. by telephone before the undersigned. Participants must call the Conference Line at 1-888-363-4749 using Access Code 9686294.

In the event Defendants wish to supplement their motion for summary judgment as a result of the completed discovery and pretrial order, they must do so by **February 12,**

---

[22] See *Lawson v. Spirit AeroSystems*, Inc., No. 18-1100-EFM-ADM, 2020 WL 1889016, at *2 (D. Kan. Apr. 16, 2020) (collecting authorities; internal citations omitted).

**2021**.  Plaintiff's response to Defendants' summary judgment motion is due **March 5,**

**2021**. Defendants' reply must be filed by the statutory deadline.

Additionally, the Court reminds the parties it is imperative for counsel to communicate with one another.  Despite the flurry of recent motion practice, during the October 9 hearing, it was abundantly clear counsel had not conferred with one another regarding the disputed issues.  One counsel noted they had "sent a few emails" but the parties had not gotten anywhere and another admitted they had no interaction since Judge Crabtree's ruling.[23]  Although this Court recognizes the motions discussed herein are not the typical motions included in D. Kan. Rule 37.2 regarding a duty to confer on discovery disputes,[24] it is this Court's expectation counsel will communicate to address any pending issues, rather than bog the case down with additional motion practice.  As always, the Court encourages counsel to contact chambers if difficulties arise regarding the permitted discovery.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time to Obtain Discovery to Respond to Defendants' Motion for Summary Judgment (**ECF No. 52**) is **GRANTED**.  Defendants' Motion for Protective Order and to Stay Discovery (**ECF No. 57**) is **DENIED**.

---

[23] Recording of hearing (October 9, 2020, AT&T Teleconference Audio-Only Recording).

[24] D. Kan. Rule 37.2.  "The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. . . . A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 23rd day of November 2020.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge